IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| VERNON BENSON | : | |
| | : | |
| v. | : | Civil Action No. DKC 2007-0434 |
| | : | |
| SUBURBAN PROPANE, INC. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Defendant[1] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant Defendant's motion to dismiss.

**I. Background**

**A. Factual Background**

The following are alleged facts either uncontroverted or viewed in the light most favorable to Plaintiff. Plaintiff was an employee of Defendant, working for its distribution center in Charles County, from 1990 until December 2005. Plaintiff typically worked a shift of 8:00 a.m. to 4:00 p.m. In September 2005, Plaintiff's supervisor informed him that Defendant was going to change his shift hours to 10:00 a.m. to 6:30 p.m. Plaintiff, who

---

[1] The apparently correct designation of Defendant is "Suburban Propane, L.P." – not "Suburban Propane, Inc.," as Plaintiff had so designated in filing this case. *See* Paper 8 at 1 n.2. The discrepancy in name does not affect the disposition of this case.

also operated a grass-cutting business during this time, asked his supervisor for additional time "to make arrangements so that he could handle Suburban's duties as well as his grass-cutting business."  Paper 2 at ¶ 8.

Plaintiff had suffered a heart attack in 2002 and, as treatment, he took prescribed medicine at night, which made him drowsy.  Plaintiff informed his supervisors "that he could not regularly miss his medicine and if he did take his medicine, he would become drowsy and would be unable to drive his truck safely." *Id.* at ¶ 14.  Since his heart attack, on occasions when he had to work late hours, Plaintiff states that he "deliberately did not take his late night pill until he finished work." *Id.* at ¶ 5.  Plaintiff's supervisors declined Plaintiff's request to retain his prior shift hours (8:00 a.m. to 4:00 p.m.) and told Plaintiff that the new shift hours (10:00 a.m. to 6:30 p.m.) were mandatory.  In response, Plaintiff states that he "became angry, threw his keys down, called [a supervisor] an unpleasant name, and left the building on December 7, 2005." *Id.* at ¶ 16.  Plaintiff returned to work a few days later and asked to be relieved of performing night call, but this request was denied.  Plaintiff subsequently resigned from Defendant's employ.

### B. Procedural Background

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 28, 2006, and received his

right to sue letter on October 25, 2006.  Thereafter, Plaintiff filed a one-count complaint, alleging that Defendant violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, in the Circuit Court for Charles County.  Defendant removed the case to this court on February 21, 2007.  On February 26, 2007, Defendant filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007).  That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the

light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

## III. Analysis

The ADA prohibits discrimination by employers "against a qualified individual with a disability because of the disability of such individual" in various aspects of employment. 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42

U.S.C. § 12111(8).  In turn, the ADA defines a "disability" as, *inter alia*, "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(2)(A).  Therefore, to qualify as disabled under the ADA, "a claimant must initially prove that he or she has a physical or mental impairment."  *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194 (2002).  Plaintiff alleges that he "has a serious heart condition," as a result of a heart attack.  Paper 2 at ¶ 30.  Although not defined by the ADA itself, "[t]he phrase physical or mental impairment includes, but is not limited to. . . heart disease."  *Torcasio v. Murray*, 57 F.3d 1340, 1353-54 (4th Cir. 1995) (quoting 28 C.F.R. § 35.104), *cert. denied*, 516 U.S. 1071 (1996).  Plaintiff has sufficiently alleged that his heart condition constitutes a physical impairment under the ADA.

This does not end the inquiry, however, because Plaintiff still must allege facts sufficient to show that his impairment substantially limits him in at least one major life activity.  In his complaint, Plaintiff alleges solely that his "serious heart disease is an impairment that substantially limits his ability to work at night."  Paper 2 at ¶ 32.[2]  When, as here, "the major life

---

[2] In his opposition to Defendant's motion to dismiss, Plaintiff alleges, for the first time, that, due to the drowsiness that resulted when he took his medicine, he would be "unable to care for himself, unable to do manual activities, stand for long
(continued...)

activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999).[3] "To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Id.* at 492. This determination must be made on a case-by-case basis. *See Toyota Motor Mfg.*, 534 U.S. at 198.[4]

---

(...continued)
periods, or have normal sexual relations with his wife." Paper 14 at ¶ 13. These new allegations are not properly before the court because Plaintiff "is bound by the allegations contained in [his] complaint and cannot, through the use of motion briefs, amend the complaint." *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (internal citations omitted), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *see also Love v. Smith*, 2005 WL 1163143, *1 n.1 (D.Md. 2005) (under "Rule 12(b)(6) standard," court would "confine. . . analysis to the facts presented in the plaintiff's complaint"). In any event, none of the newly proffered allegations would alter the outcome.

[3] The Supreme Court has declined to decide whether working is a major life activity, but it has evaluated working as if it so qualifies. *See Toyota Motor Mfg.*, 534 U.S. at 193; *Sutton*, 527 U.S. at 492-93. The EEOC has defined "major life activities" to include working. *See* 29 CFR § 1630.2(I).

[4] Plaintiff alleges that "[h]e takes heart medicine that makes him drowsy and unable to operate his truck." Paper 2 at 32. To the extent Plaintiff may claim that he was substantially limited in his ability to drive, "driving is not a major life activity." *Wyland v. Boddie-Noell Enters., Inc.*, 165 F.3d 913, 1998 WL 795173, *3 n.* (4th Cir. 1998) (internal citations omitted); *see also* 29 CFR § 1630.2(I) ("Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.").

Plaintiff has failed to show that he is so limited.  To the contrary, Plaintiff himself concedes that "the only work activity [he] was unable to do was the night call which happened once or twice a month."  Paper 14 at ¶ 10; *see also* Paper 2 at ¶ 32 (alleging only that he was substantially limited in "his ability to work at night").  Plaintiff's purported inability to work slightly different hours at a job he can otherwise perform is not a substantial limitation on the ability to work.  *See Parkinson v. Anne Arundel Med. Ctr., Inc.*, 214 F.Supp.2d 511, 514-15 (D.Md. 2002) (plaintiff with coronary heart disease, resulting from heart attack, was not "substantially limited in his ability to work merely because he could not work overtime"), *aff'd*, 79 Fed.Appx. 692 (4th Cir. 2003).

Even if the inability to work different hours could substantially limit his ability to work, Plaintiff still must allege that he is "unable to work in a broad class of jobs" and not just in his particular job.  *Sutton*, 527 U.S. at 491-92 ("[I]f a host of different types of jobs are available, one is not precluded from a broad range of jobs.").  Indeed, "obtaining a new job is evidence that an impairment is not substantially limiting." *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 471 (4th Cir.) (plaintiff's "immediate reemployment elsewhere. . . reinforces our conclusion that [plaintiff] was not substantially limited in the major life activity of working" and thus was not disabled under

ADA), *cert. denied*, 537 U.S. 827 (2002); *see also Walker v. Potter*, 188 F.Supp.2d 590, 594-95 (D.Md. 2002).  By his own admission, Plaintiff "operate[d] his grass cutting/landscape business" at the same time he also worked for Defendant.  Paper 2 at ¶ 18.  The landscape business, according to Plaintiff, is a "successful business" in which he earns "up to $75,000 yearly gross" in income. Paper 14 at ¶ 15.[5]  Quite clearly, Plaintiff was not substantially limited in the major life activity of working during the period in question and, therefore, he does not qualify as a disabled individual under the ADA.  Accordingly, Defendant's motion to dismiss will be granted.[6]

## IV. Conclusion

For the foregoing reasons, the court will grant the motion of Defendant to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6).  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[5] There is nothing in the papers to indicate that Plaintiff had to or did cease his "grass cutting/landscape business" when he left Defendant's employ, nor does Plaintiff contend otherwise.

[6] The court need not address Plaintiff's argument that Defendant failed to accommodate his disability because Plaintiff has failed to show that he has a disability under the ADA.  *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001), *cert. denied*, 535 U.S. 933 (2002).